## JOANNA WEDGE *vs.* DEXTER MOORE.

A widow, who released her dower in the second only of three mortgages made by her husband, is entitled to dower in the land, as against the third mortgagee, who paid and discharged the first and second mortgage without the knowledge or consent of the mortgagor.

If one tenant in common of land occupies the whole, and conveys it in fee, his grantee is estopped, in a writ of dower brought against him by the widow of the grantor, to deny the title and seizin of the latter in the whole estate.

THIS was an action to recover dower in certain lands in the town of Leverett in this county, and was submitted to the court upon the following agreed statement of facts: — The

demandant was married on the 4th of March, 1819, to Curtis Wedge, who died on the 10th of May, 1849. The tenant has been in possession of the whole premises, in which dower is claimed, since 1835, receiving the rents and profits, and a demand was made upon him for dower on the 16th of July, 1842. Curtis Wedge derived his title to all the premises except a parcel called the mill lot, on which there was a sawmill, from his father, Thomas Wedge. He also had a deed from said Thomas of one half in common and undivided of the mill lot, bearing date November 14th, 1821, and from that time till the year 1832, he occupied the whole mill lot, as well as the other premises, occupying the whole in the same manner. In 1823, Curtis Wedge mortgaged the whole mill lot to one Chittenden, the demandant not releasing her dower therein. In 1824, he mortgaged all the premises excepting the mill lot, to the Massachusetts Hospital life insurance company, to secure the payment of $400, the demandant releasing her dower therein. In May, 1830, he mortgaged the whole premises including the mill lot to Aretas Ferry and Francis Richardson, to secure the payment of notes amounting to between $300 and $400, in which conveyance the demandant did not release her dower. Ferry and Richardson afterwards obtained possession of the whole premises under their mortgage; paid and procured to be discharged the mortgages to Chittenden and to the Massachusetts Hospital life insurance company, without the knowledge or consent of the mortgagor; and conveyed the whole premises to the tenant by a deed with general warranty.

The question of the value of the rent of the premises was submitted to a jury, who returned a verdict, assessing the yearly value of the whole premises at $130.41, and of the mill lot alone at $65.

If upon the foregoing facts, the demandant is entitled to dower in the whole premises, judgment is to be rendered in her favor, and damages assessed at the rate found by the jury; and if she is entitled to dower only in the mill lot, damages are to be assessed at the rate found by the jury, as applicable to the mill lot.

*A. Brainard*, for the tenant.

*E. Dickinson*, for the demandant.

Shaw, C. J. Upon the facts agreed, the court are of opinion, that the demandant is entitled to recover her dower in the whole of the described premises, her husband having been seized thereof during the coverture.

First, as to the release of dower. The only mortgage, in which the demandant joined with her husband to release her dower, was that to the life insurance company, and the case expressly finds, that that mortgage was discharged on payment of the debt. The release of dower was incident to the estate conveyed in mortgage, which was a defeasible estate, and when defeated by the payment of the debt, the release of dower fell with it, and was avoided as if it had never been made. Had the mortgage been foreclosed, and the defeasible estate thus become an absolute title, the release of dower incident to it would have become absolute with it and barred the claim of the widow.

The only circumstance, relied on to obviate the conclusion from these plain propositions is, that the mortgage to the Massachusetts Hospital life insurance company was paid, and the discharge of the mortgage procured by the tenant. This, we think, can make no difference. He took his conveyance subject to that incumbrance, and it may be presumed that the consideration paid was less by the amount of that incumbrance, than he would otherwise have paid. He paid off the incumbrance to clear his own estate, and took a discharge. The tenant must either have agreed to pay off and discharge this mortgage, as part of the purchase, or, otherwise, he would, if evicted, have had a remedy, under his general or special warranty against the grantor, the demandant's husband. The fact, that the tenant obtained a discharge of the mortgage, and did not take an assignment, leads to the conclusion, that he was to pay the mortgage himself, as, in effect, part of the purchase-money. The tenant thus obtained all which his grantor's deed could give him, namely, the estate described, subject to the wife's inchoate right of dower.

As to the other point, the case finds, that the demandant's

husband had a deed from his father of one undivided half of the mill lot; that he occupied the lot, took upon himself to convey the whole, which gave him a freehold by disseisin; and the only title, by which the tenant claims the whole, is a deed from the demandant's husband; he is therefore estopped from denying his grantor's seizin.